892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles L. BOYLAN, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director at ADOC; John Doe; Jane Doe,
Accountant/Bookkeeper at ADOC, Alhambra Reception
Center, Phoenix, Arizona, Defendants-Appellees.
 No. 88-15100.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, Chief Circuit Judge, and BARNES and KILKENNY, Senior Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This comeback case raises the question whether in granting the appellant's motion for summary judgment the district court erred by denying the appellant's claims for punitive damages and costs. We review de novo, see Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 774 (CA9 1989), and we affirm.
 
 
 3
 A claim for punitive damages under 42 U.S.C. § 1983 requires a showing of "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law". Smith v. Wade, 461 U.S. 30, 51 (1983); Roberts v. College of the Desert, 870 F.2d 1411, 1417 (CA9 1988). Here, the appellant has neither alleged nor shown that the appellees' administrative act of freezing his prison account following his escape from prison rose to such a level of misconduct. Accordingly, there was no error on this point.
 
 
 4
 With respect to the appellant's second contention, we note that a prevailing party is ordinarily entitled to recover his costs. See, e.g., FRCivP 54(d); FRAP 39(a). This is so even in the case of indigent litigants who have been granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(e). This presumption in favor of awarding costs applies "unless the district court directs otherwise." Wrighten v. Metropolitan Hospitals, Inc. 726 F.2d 1346, 1357 (CA9 1984). Accord, FRCivP 54(d); FRAP 39(a). Because the district court did not rule that the appellant was not entitled to recover his costs, it was up to the appellant, as the prevailing party, to file his verified costs bill with the district court clerk within the requisite ten days following the entry of judgment. See Ariz.Dist.Ct.R. 49(a). His failure to do so cannot be attributed to the district court, and does not constitute a ground for reversal. With that said, however, we note that the appellant is a pro se litigant and, bearing in mind the leniency with which we are to construe pro se pleadings, we direct that the district court may exercise its discretion in favor of waiving the requirements of its local rule and permit the appellant to file a verified costs bill, even though not timely.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the briefs and record without oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3